UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUKES BRIDGE, LLC,

                Plaintiff,

- against -

MARCOS T. MOLINA, RAFAEL R. NINO, individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 and the 2008 Marcos Molina ILIT dated March 28, 2008, MARCOS MOLINA IRREVOCABLE LIFE INSURANCE TRUST DATED SEPTEMBER 7, 2007, THE 2008 MARCOS MOLINA ILIT DATED MARCH 20, 2008, ROSTER FINANCIAL, RAND BROKERAGE, RAND GROUP BROKERAGE, BEDIS ZORMATI, individually and as an agent of Rand Group Brokerage and/or Metropolitan Life Insurance Company, and MANO ENTERPRISES, INC.,

                Defendants.

ECF CASE

10 Civ. 9030 (PGG)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/10

PAUL G. GARDEPHE, U.S.D.J.:

        Pending before the Court is Plaintiff's motion for a preliminary injunction and application for expedited discovery.

        Plaintiff alleges that its predecessor in interest[1] loaned money to one or more of the Defendants and took a security interest in two life insurance policies. (Cmplt. ¶¶ 18, 29) The Defendants allegedly defaulted on the loans. (Id. ¶¶ 48, 55) Accordingly, Plaintiff auctioned off the insurance policies and, as the purchaser at the auction, now claims to be the rightful owner. (Id. ¶ 50-51, 57-58) Plaintiff claims that certain of the Defendants have conveyed title to the life

---

[1] Aqua Blue Wealth Management, the original lender, assigned the two loan agreements to Plaintiff on November 9, 2009. (Cmplt. ¶ 35)

insurance policies to Defendant Mano Enterprises, Inc., which is allegedly located at the same address as Defendant Marcos Molina. (Id. ¶ 58) Accordingly, Plaintiff seeks a preliminary injunction against Mano prohibiting it from transferring, dissipating, assigning, or encumbering title to the life insurance policies that it claims it is the rightful owner of.

On December 6, 2010, Judge Batts entered a Temporary Restraining Order and an Order to Show Cause for Preliminary Injunction. (Dkt. 3) The return date on the order to show cause was December 9, 2010. On December 9, 2010, this Court held a hearing on Plaintiff's motion for a preliminary injunction. Defendants did not appear. At the hearing, this Court informed Plaintiff that it was not clear from its submission that the irreparable injury element required for the issuance of a preliminary injunction was satisfied. (Dec. 9, 2010 Tr. 9 ("I need you to cite some authority for me that I can make an irreparable harm finding on the basis that the Defendants won't have any assets to pay the debt they owe if they succeed in transferring the life insurance policies")) The Court instructed Plaintiff to make a supplemental submission addressing this issue, and Plaintiff filed a letter brief on December 16, 2010. As discussed below, Plaintiff's supplemental submission does not demonstrate that it will suffer irreparable injury in the absence of a preliminary injunction. Accordingly, the motion for a preliminary injunction will be denied without prejudice. Because Plaintiff has demonstrated a need for expedited discovery, however, Plaintiff's application on this point will be granted.

## DISCUSSION

"To obtain a preliminary injunction, plaintiff must show irreparable harm absent injunctive relief, and either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor." Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 113-14 (2d

Cir. 2006) (citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir.1979) (per curiam)). With respect to irreparable harm, "the harm alleged by the movant 'must be one requiring a remedy of more than mere monetary damages. A monetary loss will not suffice unless the movant provides evidence of damage that cannot be rectified by financial compensation.'" General Textile Printing & Processing Corp. v. Expromtorg Int'l Corp., 862 F. Supp. 1070, 1075 (S.D.N.Y. 1994) (quoting Firemens Ins. Co. v. Keating, 753 F. Supp. 1146, 1150 (S.D.N.Y. 1990)).

Here, although Plaintiff alleges only monetary harm, it claims that money damages are insufficient "because, upon information and belief, the Defendants Molina, Nino, and/or the Original Trustee do not otherwise have sufficient funding to satisfy the substantial obligation owed to Dukes." (Pltf. Mot. ¶¶ 63, 92; see also Girardot Aff. ¶¶ 19, 34) As an initial matter, Plaintiff's original submissions do not address Mano's finances in any fashion, and the preliminary injunction Plaintiff seeks is directed against Mano. Plaintiff's supplemental letter brief merely asserts that "MONA [sic] (upon information and belief) . . . has no funds to pay the Plaintiff if the defendant MONA transfers the Policies." (Pltf. Dec. 16 Br. 2) Such conclusory assertions are not sufficient to demonstrate the inadequacy of a damages award. The record contains nothing on which this Court could base a finding that Mano is insolvent.

Even if Plaintiff had offered proof that Mano is insolvent, Plaintiff – despite the Court's direction at the December 9, 2010 hearing – has cited no law showing that a defendant's insolvency can justify a finding of irreparable injury. Indeed, in General Textile Printing & Processing Corp., the principal case relied on by Plaintiff, the court explicitly rejected Plaintiff's insolvency-based argument:

> Plaintiff argues that defendant may be insolvent, and thus unable to pay any money judgment. Since the argument plaintiff advances is the possibility that the

3

defendant will be unable to satisfy a money judgment, plaintiff's claim is one premised on money damages. Such damages are not ordinarily sufficient to establish irreparable injury.

General Textile Printing, 862 F. Supp. at 1075.

Based on this record, Plaintiff has not demonstrated irreparable harm and thus has not satisfied one of the prerequisites for issuance of a preliminary injunction. Accordingly, the application for a preliminary injunction is DENIED without prejudice to renewal upon submission of a more complete factual record and supporting legal authority.

Plaintiff's application for expedited discovery will be GRANTED. The transfer of title to the insurance policies by certain Defendants to Mano is suggestive of fraud, given that Defendant Molina and Mano are allegedly located at the same address. (Id. ¶ 58) Accordingly, Plaintiff is directed to submit a proposed order providing a schedule for expedited discovery.

Dated: New York, New York
       December 20, 2010

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

4