## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DUKES BRIDGE LLC** : | |
| : | **CIVIL ACTION** |
| **Plaintiff** : | |
| **v.** : | |
| : | **NO. 10-CV-9030 (PGG-RLE)** |
| **MARCOS T. MOLINA;** : | |
| : | |
| **RAFAEL R. NINO, Individually and as** : | |
| **Original Trustee of the Marcos Molina** : | |
| **Irrevocable Life Insurance Trust dated** : | |
| **September 7, 2007 and The 2008 Marcos** : | |
| **Molina ILIT dated March 20, 2008;** : | |
| : | |
| **MARCOS MOLINA IRREVOCABLE LIFE** : | |
| **INSURANCE TRUST DATED SEPTEMBER** : | |
| **7, 2007;** : | |
| : | |
| **THE 2008 MARCOS MOLINA ILIT DATED** : | |
| **MARCH 20, 2008;** : | |
| : | |
| **ROSTER FINANCIAL, LLC;** : | |
| : | |
| **RAND GROUP BROKERAGE, LLC, d/b/a** : | |
| **Rand Brokerage;** : | |
| : | |
| **DREXEL BURHAM BROKERAGE LLC;** : | |
| : | |
| **BEDIS ZORMATI, Individually and as an** : | |
| **agent of Roster Financial, LLC and/or Drexel** : | |
| **Burham Brokerage LLC;** : | |
| : | |
| **MANO ENTERPRISES, INC.;** : | |
| : | |
| **EDGAR F. MARIN;** : | |
| : | |
| **GARY SICKLER;** : | |
| : | |
| **LT OPPORTUNITY TRUST;** : | |
| : | |
| **WELLS FARGO BANK, N.A., Trustee of LT** : | |
| **Opportunity Trust; and** : | |
| : | |
| **TRINITY FINANCIAL SERVICES, LLC** : | |
| : | |
| **Defendants.** : | |

## THIRD AMENDED COMPLAINT

Plaintiff, Dukes Bridge LLC, by and through its undersigned attorneys, files this Third Amended Complaint against the Defendants, Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 and The 2008 Marcos Molina ILIT dated March 20, 2008, the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007, The 2008 Marcos Molina ILIT dated March 20, 2008, Roster Financial, LLC, Rand Group Brokerage, LLC, d/b/a Rand Brokerage, Drexel Burham Brokerage LLC, Bedis Zormati, Individually and as an agent of Roster Financial, LLC and/or Drexel Burham Brokerage LLC, Mano Enterprises, Inc., Edgar Marin, Gary Sickler, LT Opportunity Trust, Wells Fargo Bank, N.A., Trustee of LT Opportunity Trust, and Trinity Financial Services, LLC, and, in support thereof, avers as follows:

### PARTIES

1.      Plaintiff Dukes Bridge LLC ("Dukes") is a limited liability company with its principal place of business located at 1055 Washington Boulevard, 8th Floor, Stamford, Connecticut 06901.

2.      All of Dukes' employees are located in Connecticut and the gravamen of Dukes' business arises out of Connecticut.

3.      Dukes' sole member is Ridgewood Finance II, LLC ("Ridgewood").

4.      Ridgewood is a limited liability company with its principal place of business located at 1055 Washington Boulevard, 8th Floor, Stamford, Connecticut 06901.

5.      All of Ridgewood's employees are located in Connecticut and the gravamen of Ridgewood's business arises out of Connecticut.

6.      Ridgewood's sole member is Caldwell Life Strategies Corporation ("Caldwell").

2

7.     Caldwell is a corporation organized under the State of Delaware with its principal place of business located at 1055 Washington Boulevard, 8th Floor, Stamford, Connecticut 06901.

8.     All of Caldwell's employees are located in Connecticut and the gravamen of Caldwell's business arises out of Connecticut.

9.     Upon information and belief, Defendant Marcos Molina ("Molina" or "Insured") is an adult individual resident of the State of New York with mailing addresses of 212-29 Hillside Avenue, Queens, New York 11427 and 212-29 Hillside Avenue, Bellrose Manor, New York 10128.

10.     Upon information and belief, Defendant Rafael R. Nino was the original Trustee ("Original Trustee") for both the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 and The 2008 Marcos Molina ILIT dated March 20, 2008 and is an adult individual ("Nino") resident of the State of New York with mailing addresses of 184-02 Hillside Avenue, Jamaica, New York 11432 and 688 Lafayette Avenue, Uniondale, New York 11553-2231.

11.     Upon information and belief, Defendant Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 is a trust whose beneficiaries are Molina's spouse and descendents and/or Nino, all of whom are believed to be adult residents of the State of New York.

12.     Upon information and belief, Defendant The 2008 Marcos Molina ILIT dated March 20, 2008 is a trust whose beneficiaries are Molina's spouse and descendants and/or Nino, Jenny B. Molina and Jesus A. Molina, all of whom are believed to be adult residents of the State of New York.

3

13.     Upon information and belief, Stan Miller ("Miller" or "Second Trustee") was appointed trustee of the Defendants Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 and The 2008 Marcos Molina ILIT dated March 20, 2008.

14.     Upon information and belief, Miller is an adult individual resident of the State of Arkansas with a mailing address of 10809 Executive Center Drive, Suite 205, Little Rock, AR 72211.

15.     Upon information and belief, Defendant Roster Financial, LLC ("Roster"), acting through its agents, Darryl Chauinard ("Chauinard") and/or Bedis Zormati ("Zormati"), is a limited liability company organized under the State of New Jersey with a mailing address of 1000 Voorhees Drive, Suite B, Voorhees, New Jersey 08043.

16.     Upon information and belief, Roster's members include Michael Cataldo, Darryl Chouinard and Brian B. Peterson, all of whom are residents of the State of New Jersey with a mailing address of 1000 Voorhees Drive, Suite B, Voorhees, New Jersey 08043.

17.     Upon information and belief, Defendant Rand Group Brokerage, LLC, d/b/a Rand Brokerage ("Rand"), acting through its agent, Shaya Ilowitz ("Ilowitz"), is a limited liability company organized under the State of New York with a mailing address of 1445 44th Street, Brooklyn, New York 11219.

18.     Upon information and belief, Rand's sole member is Ilowitz, who is an individual adult resident of the State of New York with a mailing address of 1445 44th Street, Brooklyn, New York 11219.

19.     Upon information and belief, Defendant Drexel Burham Brokerage LLC ("Drexel"), acting through its agent Zormati, is a limited liability company organized under the State of New York with a mailing address of PO Box 3382, New York, New York 10163.

20.     Upon information and belief, Drexel's sole member is Zormati.

21.     Upon information and belief, Defendant Zormati is an individual adult resident of the State of New York with a mailing address of 290 Collins Avenue, Apartment 5H, Mount Vernon, New York 10552.

22.     Upon information and belief, Defendant Mano Enterprises, Inc. ("Mano") is a company organized on June 29, 2010 under the State of New York with the same mailing address as Molina, 212-29 Hillside Avenue, Suite 5E-E, Queens Village, New York 11427.

23.     Upon information and belief, Defendant Edgar F. Marin ("Marin") is an individual resident of the State of New York with a mailing address of 1177 East 98th Street, Apartment #5K, Brooklyn, NY 11236.

24.     Upon information and belief, Defendant Gary Sickler ("Sickler") is the Corporate Secretary of Mano and an individual resident of the State of New York with a mailing address of 212-29 Hillside Avenue, Suite 5E-E, Queens Village, New York 11427.

25.     Upon information and belief, Defendant LT Opportunity Trust is a trust with mailing addresses of Wells Fargo CTS, PO Box 2910, Salt Lake City, Utah, 84110-2910 and 212-29 Hillside Avenue, Suite 5E-E, Queens Village, New York 11427.

26.     Upon information and belief, Defendant Wells Fargo Bank, N.A. is the trustee of LT Opportunity Trust and has a mailing address of 625 Marquette Avenue, Minneapolis, Minnesota 55479.

27.     Upon information and belief, Defendant Trinity Financial Services, LLC ("Trinity") is a limited liability company organized under the State of Florida with a mailing address of 940 Centre Circle, Suite 3022, Altamonte Springs, Florida 32714.

28.     Upon information and belief, Trinity's members include Daniel A. Bockhorn, who is a resident of the State of Florida with a mailing address of 395 Sweet Bay Drive, Longwood, Florida 32779, Gregory C. Scharfeld, who is a resident of the State of Florida with a mailing address of 13945 Florigold Drive, Windermere, Florida 34786, and Harry H. Holan, who is a resident of the State of Florida with a mailing address of 913 Lotus Vista Drive, Apartment 201, Altamonte Springs, Florida 32714.

## JURISDICTION

29.     This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

## VENUE

30.     Venue is proper within this District pursuant to 28 U.S.C. § 1391(a)(2), as the events giving rise to the claim occurred within this District.

## FACTUAL ALLEGATIONS

### Issuance of the Union Central Life Policy

31.     Upon information and belief, Molina established an irrevocable trust under the laws of the State of New York, naming Nino as the Original Trustee.

32.     Subsequently, on or about September 7, 2007, Molina utilized the New York trust to establish and incorporate into the newly established irrevocable trust known as the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 (the "Trust").

33.     On or about September 28, 2007, The Union Central Life Insurance Company ("Union Central") issued a life insurance policy to the Trust insuring the life of Molina for the face amount of $5,000,000.00 under Policy No. U000039438 (the "Union Central Life Policy").

34.     On or about October 8, 2007, the Original Trustee resigned and appointed the Second Trustee as the Trustee for the Trust.

### Financing of the Union Central Life Policy Premiums

35.     On or about October 9, 2007, with the informed knowledge and consent of Molina and Nino, the Trust and Aqua Blue Wealth Management, LLC ("Aqua Blue") entered into a Specialty Finance Loan Agreement (the "Union Central Loan Agreement") whereby Aqua Blue made loans for the benefit of Molina, Nino and the Trust.

36.     Simultaneous with the execution of the Union Central Loan Agreement, the Trust and Aqua Blue entered into an Assignment Agreement, which assigned the Union Central Life Policy as collateral to the Union Central Loan Agreement, a Promissory Note in the amount of $464,834.00, and a Security Agreement as collateral security for the performance by the Trust of any obligations under the Union Central Loan Agreement.

37.     Execution of the Assignment Agreement, Promissory Note, and Security Agreement by the Trust were condition precedents to Aqua Blue making any loans to the Trust.

38.     Pursuant to the Union Central Loan Agreement, any failure by the Trust to pay when due the principal of and interest on any loans provided by Aqua Blue constituted an "Event of Default."

39.     Upon the occurrence of an Event of Default under the Union Central Loan Agreement, such as nonpayment of the principal and interest, the amounts were immediately due and payable.

40.     In reliance upon the terms and conditions of the Union Central Loan Agreement, the Assignment Agreement, the Promissory Note and the Security Agreement, Aqua Blue provided loans to the Trust as per the terms of the Union Central Loan Agreement.

41.     On or about September 3, 2008, Aqua Blue filed a UCC Financing Statement, which indicated that Aqua Blue maintained a security interest in all assets of the Trust, including the Union Central Life Policy.  See the Certification of David Girardot, attached hereto as Exhibit A.

## Issuance of the MetLife Life Policy

42.     Upon information and belief, Molina established an irrevocable trust under the laws of the State of New York, naming Nino as the Original Trustee.

43.     Subsequently, on or about March 20, 2008, Molina utilized the New York trust to establish and incorporate into the newly established irrevocable trust known as The 2008 Marcos Molina ILIT dated March 20, 2008 (the "2008 Trust").

44.     Upon information and belief, the Original Trustee resigned and appointed the Second Trustee as Trustee of the 2008 Trust.

45.     On or about March 24, 2008, the Metropolitan Life Insurance Company ("MetLife") issued a life policy to the 2008 Trust insuring the life of Molina for the face amount of $5,000,000.00 under Policy No. 208097103MLU (the "MetLife Life Policy").

## Financing of the MetLife Life Policy Premiums

46.     On or about May 8, 2008, with the informed knowledge and consent of Molina and Nino, the 2008 Trust and Aqua Blue entered into a Specialty Finance Loan Agreement (the "MetLife Loan Agreement") whereby Aqua Blue made loans for the benefit of Molina and the 2008 Trust.

47.     Simultaneous with the execution of the MetLife Loan Agreement, the 2008 Trust and Aqua Blue entered into an Assignment Agreement, which assigned the MetLife Life Policy as collateral to the MetLife Loan Agreement, a Promissory Note in the amount of $349,705.00,

and a Security Agreement as collateral security for the performance by the 2008 Trust of any obligations under the MetLife Loan Agreement

48.     Execution of the Assignment Agreement, Promissory Note, and Security Agreement by the 2008 Trust were condition precedents to Aqua Blue making any loans to the 2008 Trust.

49.     Pursuant to the MetLife Loan Agreement, any failure by the 2008 Trust to pay when due the principal of and interest on any loans provided by Aqua Blue constituted an "Event of Default."

50.     Upon the occurrence of an Event of Default under the MetLife Loan Agreement, such as nonpayment of the principal and interest, the amounts were immediately due and payable.

51.     In reliance upon the terms and conditions of the MetLife Loan Agreement, the Assignment Agreement, the Promissory Note and the Security Agreement, Aqua Blue provided loans to the 2008 Trust as per the terms of the MetLife Loan Agreement.

52.     On or about September 9, 2008, Aqua Blue filed a UCC Financing Statement, which indicated that Aqua Blue maintained a security interest in all assets of the 2008 Trust, including the MetLife Life Policy. <u>See</u> Exhibit A.

<u>**Transfer of the Union Central and MetLife Loan Agreements**</u>

53.     By way of a Release and Settlement Agreement dated November 2, 2009, Aqua Blue assigned the Union Central and MetLife Loan Agreements (collectively referred to as the "Loan Agreements") and all other documents involving the Union Central Life Policy and the MetLife Life Policy (collectively referred to as the "Life Policies") to Dukes.

54.     As a result of the assignment, Dukes assumed all of Aqua Blue's rights, remedies and obligations under the Loan Agreements, the Assignment Agreements, the Promissory Notes,

the Security Agreements and all other documents involving the Loan Agreements and Life Policies as security for the Loan Agreements.

55.    On or about December 28, 2009, Dukes filed a UCC Financing Statement Amendment changing the name on the prior UCC Financing Statement filed by Aqua Blue so as to evidence Dukes' security interest in all assets of the Trust, including the Union Central Life Policy.  See Exhibit A.

56.    On or about December 29, 2009, Dukes filed a UCC Financing Statement Amendment changing the name on the prior UCC Financing Statement filed by Aqua Blue so as to evidence Dukes' security interest in all assets of the 2008 Trust, including the MetLife Life Policy.  See Exhibit A.

### Maturity of the Union Central Loan Agreement

57.    The maturity date of the Union Central Loan Agreement was November 9, 2009, at which time the principal loan amount and interest were due and owing to Dukes.  See Exhibit A.

58.    As of November 9, 2009, the obligations under the Union Central Loan Agreement had not been repaid.  See Exhibit A.

59.    On or about February 19, 2010, the Trust, Original Trustee, Dukes and the Second Trustee entered into a Forbearance Agreement whereby the Original Trustee agreed to pay the sum of $605,418.13 to Dukes so as to satisfy the obligations under the Union Central Loan Agreement.  See Exhibit A.

60.    Pursuant to the Forbearance Agreement, if the Original Trustee failed or refused to pay all of the agreed upon sum to Dukes within thirty (30) days of the date of the Forbearance Agreement,

    1)    the Forbearance period shall end immediately and without notice;

    2)    the unpaid balance of principal and interest as originally set forth in the [Union Central] loan agreement and subsequent payments and interest accruals shall be accelerated and become immediately due and payable in full;

    3)    [Dukes] shall be free to enforce all of its rights and remedies under the [Union Central] Loan Documents;

    4)    such event shall be considered an Event of Default under the [Union Central] Loan Documents, and

    5)    [Dukes] shall be free to demand payment of any and all additional charges provided for under the [Union Central] Loan Documents, including, without limitation, any and all Default Interest Charges, attorney's fees and costs of collection.

61.     Simultaneous with the Forbearance Agreement, Molina, the Original Trustee, the Second Trustee and Dukes entered into a Non-Contravention Agreement, which set forth certain conditions to the Forbearance Agreement and further defined the relationship between the parties.  See Exhibit A.

62.     Pursuant to the Non-Contravention Agreement, Molina and the Original Trustee agreed that:

they [would] not surrender in whole or in part the [Union Central] Life Policy, or cause to permit any attachment, restatement, supplement, endorsement, rider or other modification to, or waiver of, or exercise of, any of the rights of the Insured or the Owner under the [Union Central] Life Policy. …

63.     Molina and the Original Trustee further agreed under the Non-Contravention Agreement that they would not "take any action that would change or modify the beneficiary(ies) of the [Union Central] Life Policy without the prior, written consent of the [Second] Trustee" or "communicate verbally or in writing with the Insurer without the prior written consent of the [Second] Trustee."

11

64.     In the event of a breach by Molina and/or the Original Trustee of the Non-Contravention Agreement, Molina agreed to indemnify and hold Dukes harmless from "any and all loss, liability or damage" resulting therefrom, including all legal fees and expenses.

65.     Dukes informed Molina, the Original Trustee, Nino, and the Trust on several occasions that the principal amount of the Union Central Loan Agreement, as well as finance charges and interest, were due and owing.  See Exhibit A.

66.     As of this date, Molina, the Original Trustee, Nino and the Trust have failed to fully satisfy their payment obligations pursuant to the Union Central Loan Agreement, Forbearance Agreement and Non-Contravention Agreement, and an amount in excess of $832,769.85 is currently due and owing to Dukes.  See Exhibit A.

## Sale of the Union Central Life Policy

67.     On or about June 10, 2010, Dukes provided the Trust, Molina and Nino, among others, with notice of the breaches of their obligations to repay the loan under the Union Central Loan Agreement and that Dukes intended to sell the Union Central Life Policy at an auction so as to satisfy said obligations.  See Exhibit A.

68.     On August 6, 2010, Dukes purchased the Union Central Life Policy at an auction for the amount of $739,582.95 and obtained a Bill of Sale, which evidenced the purchase.  See Exhibit A.

69.     By way of its purchase, Dukes became the lawful owner of the Union Central Life Policy.

## Maturity of the MetLife Loan Agreement

70.     The maturity date of the MetLife Loan Agreement was June 22, 2010, at which time the principal loan amount and interest were due and owing to Dukes.  See Exhibit A.

71.     As of June 22, 2010, the obligations under the MetLife Loan Agreement had not been repaid.  See Exhibit A.

72.     Dukes informed Molina, the Original Trustee, Nino and the 2008 Trust on several occasions that the principal amount of the MetLife Loan Agreement, as well as finance charges and interest, were due and owing to Dukes.  See Exhibit A.

73.     As of this date, Molina, the Original Trustee, Nino and the 2008 Trust have failed to fully satisfy their payment obligations pursuant to the MetLife Loan Agreement, and an amount in excess of $590,681.16 is currently due and owing to Dukes.  See Exhibit A.

## Sale of the MetLife Life Policy

74.     On or about August 10, 2010, Dukes provided the 2008 Trust, Molina, Nino, and Zormati, among others, with notice of the breaches of their obligations to repay the loan under the MetLife Loan Agreement and that Dukes intended to sell the MetLife Life Policy at an auction so as to satisfy said obligations.  See Exhibit A.

75.     On September 2, 2010, Dukes purchased the MetLife Life Policy at an auction for the amount of $573,478.21 and obtained a Bill of Sale, which evidenced the purchase.  See Exhibit A.

76.     By way of its purchase, Dukes became the lawful owner of the MetLife Life Policy.

## Unauthorized Change in Ownership of the Life Policies

77.     Upon information and belief, despite Dukes' security interest in and lawful ownership of the Union Central Life Policy via its August 6, 2010 purchase, Molina, the Original Trustee, Nino, Roster, through its agents, Chauinard and/or Zormati, Rand, through its agent, Ilowitz, Drexel, through its agent Zormati, Zormati individually and/or as an agent of Roster and/or Drexel, Marin and/or Trinity, without the knowledge, consent or authorization of Dukes

and in breach of the Union Central Loan Agreement, Forbearance Agreement and Non-Contravention Agreement, sold and/or granted ownership interest in the Union Central Life Policy to Mano, a company whose address is the same as Molina's address.  See Exhibit A.

78.     Subsequently, upon information and belief, Molina, the Original Trustee, Nino, Roster, through its agents, Chauinard and/or Zormati, Rand, through its agent, Ilowitz, Drexel, through its agent Zormati, Zormati individually and/or as an agent of Roster and/or Drexel, Mano, Marin, Sickler and/or Trinity, without the knowledge, consent or authorization of Dukes, sold and/or granted ownership interest in the Union Central Life Policy to LT Opportunity Trust.

79.     Upon information and belief, despite Dukes' security interest in and lawful ownership of the MetLife Life Policy via its September 2, 2010 purchase, Molina, the Original Trustee, Nino, Roster, through its agents, Chauinard and/or Zormati, Rand, through its agent, Ilowitz, Drexel, through its agent Zormati, Zormati individually and/or as an agent of Roster and/or Drexel, Marin and/or Trinity, without the knowledge, consent or authorization of Dukes and in breach of the MetLife Loan Agreement, sold and/or granted ownership interest in the MetLife Life Policy to Mano, a company whose address is the same as Molina's address.  See Exhibit A.

80.     Dukes has satisfied all conditions precedent to the commencement of this action or such conditions have been waived by the Defendants.

## CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT – UNION CENTRAL LOAN AGREEMENT, FORBEARANCE AGREEMENT AND NON-CONTRAVENTION AGREEMENT

**Dukes Bridge LLC v. Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007, and the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007**

81.     Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

82.     Molina, Nino, and Original Trustee, through the Trust, entered into the Union Central Loan Agreement with Aqua Blue.

83.     As collateral for the Union Central Loan Agreement, the Defendants assigned the Union Central Life Policy to Aqua Blue.

84.     The Defendants failed to fulfill their duties and obligations under the Union Central Loan Agreement and, therefore, are in breach of the same.

85.     Specifically, the Defendants breached the Union Central Loan Agreement by failing and/or refusing to pay the principal amount, plus interest and finances charges, to Dukes upon the Union Central Loan Agreement's maturity date.

86.     Molina and Nino, through the Trust and Original Trustee, entered into a Forbearance Agreement and Non-Contravention Agreement with Dukes to satisfy their obligations under the Union Central Loan Agreement.

87.     The Defendants failed to fulfill their duties and obligations under the Forbearance Agreement and Non-Contravention Agreement and, therefore, are in breach of the same.

88.     Specifically, the Defendants breached the Forbearance Agreement and Non-Contravention Agreement by failing and/or refusing to pay the forbearance amount as per the terms of the Forbearance Agreement and Non-Contravention Agreement.

15

89.     The Defendants further breached the Union Central Loan Agreement, Forbearance Agreement and Non-Contravention Agreement by selling and/or granting an ownership interest in the Union Central Life Policy to a third party without the knowledge, consent or authorization of Dukes.

90.     As a direct and proximate result of the Defendants' breaches of the Union Central Loan Agreement, Forbearance Agreement and Non-Contravention Agreement, Dukes has been damaged in an amount in excess of $832,769.85, exclusive of costs and expenses.

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007, and the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT II – QUASI-CONTRACT/UNJUST ENRICHMENT (Union Central Life Policy)

**Dukes Bridge LLC v. Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007, and the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007**

91.     Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

92.     Dukes provided services and monies at the direct request and for the direct benefit of the Defendants, fully expecting to receive compensation for the same.

93.     The Defendants have retained the benefit of Dukes' services and monies.

94.     The Defendants' retention of the benefits of Dukes' services and monies without compensating for the same would be inequitable and unjust.

16

95.     Dukes is entitled to the value of the services and monies provided for the Defendants' benefit, which exceeds $832,769.85.

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007, and the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

### COUNT III – PROMISSORY ESTOPPEL (Union Central Life Policy)

**Dukes Bridge LLC v. Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007, and the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007**

96.     Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

97.     The Defendants promised that they would pay to Dukes the principal amount, plus interest and finances charges, of the Union Central Loan Agreement upon its maturity.

98.     The Defendants further promised that they would not sell or transfer the Union Central Life Policy or in anyway jeopardize the collateral to the Union Central Loan Agreement.

99.     The Defendants made such promises with the intent to create a legally binding obligation and to induce Aqua Blue to enter into the Union Central Loan Agreement.

100.    Aqua Blue reasonably relied, to its detriment, on the promises made by the Defendants and entered into the Union Central Loan Agreement.

101.    The Defendants promised that they would pay to Dukes the forbearance amount as per the terms of the Forbearance Agreement and Non-Contravention Agreement.

17

102.    The Defendants further promised that they would not sell or transfer the Union Central Life Policy or in anyway jeopardize Dukes' secured interest in the Union Central Life Policy.

103.    The Defendants made such promises with the intent to create a legally binding obligation and to induce Dukes to enter into the Forbearance Agreement and Non-Contravention Agreement.

104.    Dukes reasonably relied, to its detriment, on the promises made by the Defendants and entered into the Forbearance Agreement and Non-Contravention Agreement.

105.    The Defendants failed to maintain such promises.

106.    Dukes has been damaged as a result of the Defendants' failure to maintain their promises.

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007, and the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT IV – CONVERSION/MISAPPROPRIATION OF THE
## UNION CENTRAL LIFE POLICY

**Dukes Bridge LLC v. Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007, the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007, Roster Financial, LLC, Rand Group Brokerage, LLC, d/b/a Rand Brokerage, Drexel Burham Brokerage LLC, Bedis Zormati, Individually and as an agent of Roster Financial, LLC and/or Drexel Burham Brokerage LLC, Mano Enterprises, Inc., Edgar Marin, Gary Sickler, Trinity Financial Services, LLC, LT Opportunity Trust and Wells Fargo Bank, N.A., Trustee of LT Opportunity Trust**

107.    Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

108.    Dukes maintains a collateral interest in the Union Central Life Policy, as the Union Central Life Policy secured the Union Central Loan Agreement.  See Exhibit A.

109.    Further, Dukes maintains an ownership interest in the Union Central Life Policy, as it legally purchased the Union Central Life Policy after the Defendants defaulted on the Union Central Loan Agreement, Forbearance Agreement and Non-Contravention Agreement.  See Exhibit A.

110.    The Defendants intentionally interfered with Dukes' ownership interests in the Union Central Life Policy by selling and/or transferring the Union Central Life Policy to a third party.

111.    The Defendants converted to the Defendants' own use an interest, specifically the Union Central Life Policy, that is owned by Dukes.

112.    The Defendants' acts have deprived Dukes of its interests in the Union Central Life Policy.

113.    As a direct and proximate result of Defendants' actions, Dukes has been damaged in an amount in excess of $832,769.85.

19

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007, the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007, Roster Financial, LLC, Rand Group Brokerage, LLC, d/b/a Rand Brokerage, Drexel Burham Brokerage LLC, Bedis Zormati, Individually and as an agent of Roster Financial, LLC and/or Drexel Burham Brokerage LLC, Mano Enterprises, Inc., Edgar Marin, Gary Sickler, Trinity Financial Services, LLC, LT Opportunity Trust and Wells Fargo Bank, N.A., Trustee of LT Opportunity Trust, in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT V – QUASI-CONTRACT/UNJUST ENRICHMENT (Union Central Life Policy)

### Dukes Bridge LLC v. Mano Enterprises, Inc., LT Opportunity Trust and Wells Fargo Bank, N.A., Trustee of LT Opportunity Trust

114.    Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

115.    Dukes provided monies for the payment of the Union Central Life Policy premiums for the direct benefit of the Defendants, fully expecting to receive compensation for the same.

116.    The Defendants have retained the benefit of Dukes' monies.

117.    The Defendants' retention of the benefits of Dukes' monies without compensating for the same would be inequitable and unjust.

118.    Dukes is entitled to the value of the services and monies provided for the Defendants' benefit.

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Mano Enterprises, Inc., LT Opportunity Trust and Wells Fargo Financial, N.A., Trustee of LT Opportunity Trust, in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

### COUNT VI – FRAUD (Union Central Life Policy)

**Dukes Bridge LLC v. Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 and The Marcos Molina ILIT dated March 20, 2008, Bedis Zormati, Individually and as an agent of Roster Financial, LLC and/or Drexel Burham Brokerage LLC, Mano Enterprises, Inc., Edgar Marin, Gary Sickler and Trinity Financial Services, LLC**

119.   Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

120.   The Bill of Sale obtained by Dukes with regard to the Union Central Life Policy legally changed the ownership of said Life Policy from the Trust to Dukes.

121.   Upon information and belief, Defendants Molina, Nino, Zormati, Mano, Marin, Sickler and/or Trinity knew or should have known of Dukes' purchase and subsequent ownership of the Union Central Life Policy via the Bill of Sale.

122.   Upon information and belief, Defendants Molina, Nino, Zormati, Mano, Marin, Sickler and/or Trinity fraudulently misrepresented to Union Central that they maintained the authority to change the ownership of the Union Central Life Policy to Mano and/or LT Opportunity Trust.

123.   Upon information and belief, in making such fraudulent misrepresentations, Molina, Nino, Zormati, Mano, Marin, Sickler and/or Trinity intended to and in fact did induce Union Central to change the ownership of the Union Central Life Policy to Mano and/or LT Opportunity Trust.

124.    Upon information and belief, relying upon Molina, Nino, Zormati, Mano, Marin, Sickler and/or Trinity's fraudulent misrepresentations, Union Central changed the ownership of the Union Central Life Policy to Mano and/or LT Opportunity Trust.

125.    In making such fraudulent misrepresentations and inducing Union Central to change the ownership of the Union Central Life Policy, Molina, Nino, Zormati, Mano, Marin, Sickler and/or Trinity caused actual harm to Dukes, as they deprived Dukes of its lawful ownership interests in the Union Central Life Policy.

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 and The 2008 Marcos Molina ILIT dated March 20, 2008, Bedis Zormati, Individually and as an agent of Roster Financial, LLC and/or Drexel Burham Brokerage LLC, Mano Enterprises, Inc., Edgar Marin, Gary Sickler and Trinity Financial Services, LLC in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

### COUNT VII - BREACH OF CONTRACT – METLIFE LOAN AGREEMENT

**Dukes Bridge LLC v. Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of The 2008 Marcos Molina ILIT dated March 20, 2008, and The 2008 Marcos Molina ILIT dated March 20, 2008**

126.    Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

127.    Molina, Nino, and Original Trustee, through the 2008 Trust, entered into the MetLife Loan Agreement with Aqua Blue.

128.    As collateral for the MetLife Loan Agreement, the Defendants assigned the MetLife Life Policy to Aqua Blue.

129.     The Defendants failed to fulfill their duties and obligations under the MetLife Loan Agreement and, therefore, are in breach of the same.

130.     Specifically, the Defendants breached the MetLife Loan Agreement by failing and/or refusing to pay the principal amount, plus interest and finances charges, to Dukes upon the MetLife Loan Agreement's maturity date.

131.     The Defendants further breached the MetLife Loan Agreement by selling and/or granting ownership interest in the MetLife Life Policy to a third party without the knowledge, consent or authorization of Dukes.

132.     As a direct and proximate result of the Defendants' breaches of the MetLife Loan Agreement, Dukes has been damaged in an amount in excess of $590,681.16, exclusive of costs and expenses.

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of The 2008 Marcos Molina ILIT dated March 20, 2008, and The 2008 Marcos Molina ILIT dated March 20, 2008 in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

**COUNT VIII – QUASI-CONTRACT/UNJUST ENRICHMENT (MetLife Life Policy)**

**Dukes Bridge LLC v. Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of The 2008 Marcos Molina ILIT dated March 20, 2008, and The 2008 Marcos Molina ILIT dated March 20, 2008**

133.     Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

134.     Dukes provided services and monies at the direct request and for the direct benefit of the Defendants, fully expecting to receive compensation for the same.

135.   The Defendants have retained the benefit of Dukes' services and monies.

136.   The Defendants' retention of the benefits of Dukes' services and monies without compensating for the same would be inequitable and unjust.

137.   Dukes is entitled to the value of the services and monies provided for the Defendants' benefit, which exceeds $590,681.16.

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of The 2008 Marcos Molina ILIT dated March 20, 2008, and The 2008 Marcos Molina ILIT dated March 20, 2008 in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT IX – PROMISSORY ESTOPPEL (MetLife Life Policy)

**Dukes Bridge LLC v. Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of The 2008 Marcos Molina ILIT dated March 20, 2008, and The 2008 Marcos Molina ILIT dated March 20, 2008**

138.   Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

139.   The Defendants promised that they would pay to Dukes the principal amount, plus interest and finances charges, of the MetLife Loan Agreement upon its maturity.

140.   The Defendants further promised that they would not sell or transfer the MetLife Life Policy or in anyway jeopardize the collateral to the MetLife Loan Agreement.

141.   The Defendants made such promises with the intent to create a legally binding obligation and to induce Aqua Blue to enter into the MetLife Loan Agreement.

142.   Aqua Blue reasonably relied, to its detriment, on the promises made by the Defendants and entered into the MetLife Loan Agreement.

24

143.     The Defendants failed to maintain such promises.

144.     Dukes has been damaged as a result of the Defendants' failure to maintain their promises.

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of The 2008 Marcos Molina ILIT dated March 20, 2008, and The 2008 Marcos Molina ILIT dated March 20, 2008 in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT X – CONVERSION/MISAPPROPRIATION OF THE METLIFE LIFE POLICY

**Dukes Bridge LLC v. Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of The 2008 Marcos Molina ILIT dated March 20, 2008, The 2008 Marcos Molina ILIT dated March 20, 2008, Roster Financial, LLC, Rand Group Brokerage, LLC, d/b/a Rand Brokerage, Drexel Burham Brokerage LLC, Bedis Zormati, Individually and as an agent of Roster Financial, LLC and/or Drexel Burham Brokerage LLC, Edgar Marin and Trinity Financial Services, LLC**

145.     Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

146.     Dukes maintains a collateral interest in the MetLife Life Policy, as the MetLife Life Policy secured the MetLife Loan Agreement.  <u>See</u> Exhibit A.

147.     Further, Dukes maintains an ownership interest in the MetLife Life Policy, as it legally purchased the MetLife Life Policy after the Defendants defaulted on the MetLife Loan Agreement.  <u>See</u> Exhibit A.

148.     The Defendants intentionally interfered with Dukes' ownership interest in the MetLife Life Policy by selling and/or transferring the MetLife Life Policy to a third party.

149.    The Defendants converted to the Defendants' own use a secured interest, specifically the MetLife Life Policy, that is owned by Dukes.

150.    The Defendants' acts have deprived Dukes of its ownership interest in the MetLife Life Policy.

151.    As a direct and proximate result of Defendants' actions, Dukes has been damaged in an amount in excess of $590,681.16.

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of The 2008 Marcos Molina ILIT dated March 20, 2008, The 2008 Marcos Molina ILIT dated March 20, 2008, Roster Financial, LLC, Rand Group Brokerage, LLC, d/b/a Rand Brokerage, Drexel Burham Brokerage LLC, Bedis Zormati, Individually and as an agent of Roster Financial, LLC and/or Drexel Burham Brokerage LLC, Edgar Marin and Trinity Financial Services, LLC in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT XI – QUASI-CONTRACT/UNJUST ENRICHMENT (MetLife Life Policy)

### Dukes Bridge LLC v. Mano Enterprises, Inc.

152.    Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

153.    Dukes provided monies for the payment of the MetLife Life Policy premiums for the direct benefit of Mano, fully expecting to receive compensation for the same.

154.    Mano has retained the benefit of Dukes' monies.

155.    Mano's retention of the benefits of Dukes' monies without compensating for the same would be inequitable and unjust.

156.    Dukes is entitled to the value of the services and monies provided for Mano's benefit.

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Mano Enterprises, Inc. in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT XII – FRAUD (MetLife Life Policy)

**Dukes Bridge LLC v. Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 and The Marcos Molina ILIT dated March 20, 2008, Bedis Zormati, Individually and as an agent of Roster Financial, LLC and/or Drexel Burham Brokerage LLC, Edgar Marin and Trinity Financial Services, LLC**

157.    Plaintiff incorporates all the foregoing paragraphs by reference as if fully set forth herein.

158.    The Bill of Sale obtained by Dukes with regard to the MetLife Life Policy legally changed the ownership of said Life Policy from the 2008 Trust to Dukes.

159.    Upon information and belief, Defendants Molina, Nino, Zormati, Marin and/or Trinity knew or should have known of Dukes' purchase and subsequent ownership of the MetLife Life Policy via the Bill of Sale.

160.    Upon information and belief, Defendants Molina, Nino, Zormati, Marin and/or Trinity fraudulently misrepresented to MetLife that they maintained the authority to change the ownership of the MetLife Life Policy to Mano.

161.    Upon information and belief, in making such fraudulent misrepresentations, Molina, Nino, Zormati, Marin and/or Trinity intended to and in fact did induce MetLife to change the ownership of the MetLife Life Policy to Mano.

162.    Upon information and belief, relying upon Molina, Nino, Zormati, Marin and/or Trinity's fraudulent misrepresentations, MetLife changed the ownership of the MetLife Life Policy to Mano.

163.    In making such fraudulent misrepresentations and inducing MetLife to change the ownership of the MetLife Life Policy, Molina, Nino, Zormati, Marin and/or Trinity caused actual harm to Dukes, as they deprived Dukes of its lawful ownership interests in the MetLife Life Policy.

WHEREFORE, Plaintiff Dukes Bridge LLC respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Marcos T. Molina, Rafael R. Nino, Individually and as Original Trustee of the Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007 and The 2008 Marcos Molina ILIT dated March 20, 2008, Bedis Zormati, Individually and as an agent of Roster Financial, LLC and/or Drexel Burham Brokerage LLC, Edgar Marin, and Trinity Financial Services, LLC in an amount in excess of $75,000.00, together with interest, costs of suit, attorneys' fees, and such other relief as this Court deems just and proper.

By its attorneys,

**COHEN SEGLIAS PALLAS
GREENHALL & FURMAN, PC**


**BY:  __/s Steven M. Williams____
Steven D. Usdin, Esquire
SDNY Bar ID SU3812
Admitted *Pro Hac Vice*:
Shawn R. Farrell, Esquire
Pa. Id. No. 76738
Steven M. Williams, Esqure
PA. Id. No. 62051
30 S. 17th Street, 19th Floor
Philadelphia, PA 19103**

**Dated: August 22, 2011**                **Attorneys for Plaintiff,
Dukes Bridge LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on  August 22, 2011, the foregoing document was filed using this

Court's ECF system and that the below individuals are ECF users who will be served via this

Court's ECF system, except as indicted:

| | |
|---|---|
| Stephen R. Field, Esquire<br>Law Offices of Stephen R. Field<br>445 Park Avenue-Suite 902<br>New York, NY 10022<br>srfieldlaw@aol.com | Steven P. Del Mauro, Esquire<br>Valerie G. Pennacchio, Esquire<br>McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>Three Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102-4079<br>sdelmauro@mdmc-law.com<br>vpennacchio@mdmc-law.com |
| Aymen A. Aboushi, Esquire<br>The Aboushi Law Firm<br>501 5th Avenue, Suite 305<br>New York, NY 10017<br>aymen@aboushi.com | Michael Paneth, Esquire<br>Treff & Lowy PLLC<br>342 Bedford Avenue<br>Brooklyn, New York 11211<br>mpaneth@trefflowy.com |
| Marcos Molina Irrevocable Life Insurance Trust dated September 7, 2007<br>The Marcos Molina ILIT dated March 20, 2008<br>c/o Stan Miller<br>10809 Executive Center Drive, Suite 205<br>Little Rock, AR 72211<br>smiller@millerschrader.com<br>*to be served via email and first class mail, postage prepaid* | |

_\_/s Steven M. Williams_____

Date: August 22, 2011                              Steven M. Williams